UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MAXIMINO BUENAVENTURA, *et al.*,

    Plaintiffs,

v.

CHAMPION DRYWALL, INC., *et al.*,

    Defendants.

Case No. 2:10-cv-00377-LDG (RJJ)

**ORDER**

    The plaintiffs--Maximino Buenaventura, Alejandro Dominguez Lopez, Marcelo Hernandez and Eloy Pumarino–were or are employed by defendant Champion Drywall, Inc. The plaintiffs allege that they worked more than forty hours per week but were not paid overtime compensation. In addition to bringing a Fair Labor Standards Act claim against Champion Drywall and four of its officers and directors, the plaintiffs allege state law claims against Champion Drywall. As to each state law claim, the plaintiffs further allege that TCR Nevada Construction Limited Partnership, Warmington Homes Nevada, Vanguard Construction, LLC., and KB Home Nevada are liable pursuant to Nev. Rev. Stat. 608.150 as original contractors.

KB Home and Warmington Homes move to be dismissed (#29), arguing that pursuant to §608.150, the suit against them is premature. TCR Nevada has joined in the motion (#48). The plaintiffs have opposed the motion (#39).

Motion to Dismiss

The defendants' motion to dismiss, though not expressly brought pursuant to Fed. R. Civ. P. 12(b)(6), challenges whether the plaintiffs' complaint against them is premature. As such, the defendants challenge whether the complaint currently states "a claim upon which relief can be granted." In ruling upon this motion, the court is governed by the relaxed requirement of Rule 8(a)(2) that the complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." As summarized by the Supreme Court, a plaintiff must allege sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (U.S. 2007). Nevertheless, while a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*, at 555 (citations omitted). In deciding whether the factual allegations state a claim, the court accepts those allegations as true, as "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Further, the court "construe[s] the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F3.d 895, 900 (9th Cir. 2007).

However, bare, conclusory allegations, including legal allegations couched as factual, are not entitled to be assumed to be true. *Twombly*, 550 U.S. at 555. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal* 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009). "While legal conclusions can provide the framework of a complaint, they must be

2

supported by factual allegations." *Id.,* at 1950. Thus, this court considers the conclusory statements in a complaint pursuant to their factual context.

To be plausible on its face, a claim must be more than merely possible or conceivable. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief." *Id.*, (citing Fed. R. Civ. Proc. 8(a)(2)). Rather, the factual allegations must push the claim "across the line from conceivable to plausible." *Twombly.* 550 U.S. at 570. Thus, allegations that are consistent with a claim, but that are more likely explained by lawful behavior, do not plausibly establish a claim. *Id.*, at 567.

The defendants argue that a suit against an original contractor should not be allowed to proceed, pursuant to §608.150, until (1) there is a finding of a debt owed, and (2) a failure of the subcontractor to pay that debt.

The Court disagrees with defendants that a private action cannot proceed against an original contractor pursuant to §608.150 absent a finding or determination of a debt owed. Section 608.150(1) provides:

> Every original contractor making or taking any contract in this State for the erection, construction, alteration or repair of any building or structure, or other work, shall assume and is liable for the indebtedness for labor incurred by any subcontractor or any contractors acting under, by or for the original contractor in performing any labor, construction or other work included in the subject of the original contract, for labor, and for the requirements imposed by chapters 616A to 617, inclusive, of NRS.

Pursuant to this subsection, a contractor assumes and is liable for the indebtedness for labor incurred by any subcontractors acting under, by or for an original contractor. A subcontractor incurs its indebtedness for labor when that labor is performed, not when a finding or determination is made that the subcontractor incurred the indebtedness. Accordingly, the original contractor assumes and becomes liable for the indebtedness incurred by the subcontractor when the labor is performed.

A subcontractor may dispute an employee's claim that he performed work for which he was not compensated. The assertion of such a dispute, however, neither establishes that the work was not performed nor that the subcontractor did not incur the indebtedness for that labor. Rather, the assertion of such a dispute establishes only that the subcontractor disputes whether it incurred the indebtedness. In determining whether an employee's suit for unpaid compensation may proceed, the Court assumes the truth of the employee's allegations rather than denials of those asserting that they are liable for the debt. The plaintiffs are not required to establish or allege that they obtained a finding or determination that the subcontractor owed them a debt for labor to proceed under §608.150 against an original contractor. Rather, plaintiffs must allege that the subcontractor owed them a debt for labor.

It also appears from the language of the statute, however, that plaintiffs must allege not only wages and damages that may be owing or have accrued to plaintiffs, but must also allege wages and damages that may be owing or have accrued to plaintiffs as a result of the failure of the subcontractor. Section 608.150(3) states, in full:

> The district attorney of any county wherein the defendant may reside or be found shall institute civil proceedings against any such original contractor failing to comply with the provisions of this section in a civil action for the amount of all wages and damage that may be owing or have accrued as a result of the failure of any subcontractor acting under the original contractor, and any property of the original contractor, not exempt by law, is subject to attachment and execution for the payment of any judgment that may be recovered in any action under the provisions of this section.

By its plain language, this provision applies to civil proceedings brought by a district attorney, rather than to private actions brought by employees or representatives of employees such as unions. As such, a district attorney bringing a suit pursuant to §608.150 would be required to allege that the original contractor has not complied with §608.150 and further allege wages and damage owing as a result of the failure of a subcontractor acting under the original contractor. The Nevada Supreme Court, however,

has held that the language establishing that a district attorney may bring a civil action against an original contractor does not preclude a private civil action. *U.S. Design & Const. Corp. v. International Broth. of Elec.*, 118 Nev. 458, 50 P.3d 170 (2002). While employees are not required to "exhaust all possibilities of recovery against" a subcontractor before they can bring suit under §608.150, *see Tobler & Oliver Const. Co. v. Board of Trustees of Health and Ins. Fund For Carpenters Local Union No. 971,* 84 Nev. 438, 440, 442 P.2d 904 (1968), the language of the statute contemplates some type of failure of the subcontractor in paying its indebtedness for labor before a suit can be brought against the subcontractor. Nevertheless, the statute lacks any language requiring a finding or determination of the failure of the subcontractor prior to the employees maintaining a private action.

In the present matter, the plaintiffs have alleged a failure of the subcontractor to pay wages that may be owing or have accrued to the plaintiffs. The Court agrees with defendants that "to allow this case to be pursued against Contractor Defendants and Champion concurrently requires this Court to assume as true the very issues it will be deciding in the case." As the defendants have moved to dismiss the complaint, the Court is required to assume as true the allegations of plaintiffs' complaint. The Court assumes, as true, that the moving defendants are original contractors, and that Champion Drywall was a subcontractor acting under the moving defendants. The Court assumes, as true, that the plaintiffs worked more than 40 hours per week for Champion Drywall, but that the actual hours worked by the plaintiffs were not recorded. The Court further assumes, as true, that the paychecks issued by Champion Drywall to the plaintiffs paid the plaintiffs for fewer hours than the number of hours actually worked. Accepting these allegations as true for purposes of deciding the defendants' motion to dismiss, the Court concludes that the plaintiffs have stated claims against the original contractor defendants pursuant to §608.150.

1    The moving defendants argue that their interests would not be prejudiced by their
2 exclusion from the instant matter, as Champion Drywall has an actual legal interest in
3 defending the claims.  Previous cases, however, have established that while a
4 subcontractor might have an actual interest in defending a claim, a subcontractor will not
5 always actually defend a claim, and such failure to defend will be to the prejudice of the
6 original contractor.  *See*, *e.g., Trustees of Const. Industry and Laborers Health and Welfare*
7 *Trust v. Desert Valley Landscape & Maintenance, Inc.*, 156 F.Supp.2d 1170 (D.Nev. 2001).
8 As recognized in *Desert Valley*, the original contractor will be bound by the inactions of the
9 subcontractor in defending the suit, and thus the proper time for the original contractor to
10 assert its rights is before damages have been assessed against the subcontractor.
11    Accordingly, for good cause shown,
12    THE COURT **ORDERS** that the Motion to Dismiss (#29) filed by Defendants
13 Warmington Homes Nevada and KB Home Nevada Inc., is DENIED.

15 DATED this ___18___ day of March, 2011.

_____
Lloyd D. George
United States District Judge

6