# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MAXIMINO BUENAVENTURA, *et al.*,

    Plaintiffs,

v.

CHAMPION DRYWALL, INC. OF NEVADA, *et al.*,

    Defendants.

Case No. 2:10-cv-00377-LDG (RJJ)

**ORDER**

    The plaintiffs--Maximino Buenaventura, Alejandro Dominguez Lopez, Marcelo Hernandez and Eloy Pumarino–were or are employed by defendant Champion Drywall, Inc. of Nevada.  The plaintiffs allege that they worked more than forty hours per week but were not paid overtime compensation.  In addition to bringing a Fair Labor Standards Act claim against Champion Drywall, the plaintiffs also allege this claim against four of Champion Drywall's officers and directors.  The plaintiffs also allege state law claims against Champion Drywall.  Champion Drywall and the individual defendants now move to dismiss (#32) the complaint.  The plaintiffs oppose the motion (#43).

Motion to Dismiss

The defendants' motion to dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(6), challenges whether the plaintiffs' complaint states "a claim upon which relief can be granted." In ruling upon this motion, the court is governed by the relaxed requirement of Rule 8(a)(2) that the complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." As summarized by the Supreme Court, a plaintiff must allege sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Nevertheless, while a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*, at 555 (citations omitted). In deciding whether the factual allegations state a claim, the court accepts those allegations as true, as "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Further, the court "construe[s] the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F3.d 895, 900 (9th Cir. 2007).

However, bare, conclusory allegations, including legal allegations couched as factual, are not entitled to be assumed to be true. *Twombly*, 550 U.S. at 555. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal* 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.,* at 1950. Thus, this court considers the conclusory statements in a complaint pursuant to their factual context.

To be plausible on its face, a claim must be more than merely possible or conceivable. "[W]here the well-pleaded facts do not permit the court to infer more than the

2

mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief." *Id.*, (citing Fed. R. Civ. Proc. 8(a)(2)).  Rather, the factual allegations must push the claim "across the line from conceivable to plausible." *Twombly.* 550 U.S. at 570.  Thus, allegations that are consistent with a claim, but that are more likely explained by lawful behavior, do not plausibly establish a claim. *Id.*, at 567.

<u>FLSA Claim Against Individual Defendants</u>

The individual defendants–Paul DiGuiseppi, Denise DiGuiseppi, Ron Ruby, and Ed Golchuk–argue that the plaintiffs failed to allege sufficient facts to state an FLSA claim against them as employers.  The Court agrees.

An FLSA claim may only be brought against an "employer."  The FLSA defines "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. §203(d).  The Ninth Circuit has directed that this definition should "be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes."  *Lambert v. Ackerley*, 180 F.3d 997, 1011-12 (9th Cir. 1999).  An individual is an employer within the meaning of the FLSA if he or she "exercises 'control over the nature and structure of the employment relationship,' or 'economic control over the relationship.'" *Id.*, at 1012.  "The determination of whether an employer-employee relationship exists does not depend on isolated factors but rather upon the circumstances of the whole activity.  The touchstone is the economic reality of the relationship." *Boucher v. Shaw*, 572 F.3d 1087, 1091 (9th Cir. 2009) (internal quotations and citations omitted).  While an officer or director of a corporation may be an employer, merely being an officer or director does not establish that the individual exercised either the control over the nature and structure of the employment relationship or the economic control over the relationship requisite to liability as an employer.  *See, eg., Solis v. Velocity Express, Inc.*, 2010 WL 2990293 (D. Or. 2010).

In opposing the motion, the plaintiffs direct the court to only two allegations against the individual defendants: that they are officers and directors of Champion Drywall, and a generalized allegation that the individual defendants engaged in the alleged acts or omissions *either* directly or through supervisory agents. These allegations are insufficient. While it is possible that the individual defendants, as officers and directors of a corporation, exercised the requisite economic control or control of the nature and structure of the employment relationship, such allegations are also consistent with a determination that the individual defendants were not employers. Though the plaintiffs need not make detailed factual allegations, they must allege some facts from which this Court could find plausible that these defendants exercised the requisite control that would expose them to liability under the FLSA as an employer. Accordingly, the Court will dismiss the FLSA claim against the individual defendants without prejudice.

### FLSA Claim Against Champion Drywall

The plaintiffs have alleged sufficient facts to proceed with their FLSA claim against Champion Drywall. The plaintiffs do not need to make detailed factual allegations, and they have sufficiently alleged that they worked in excess of 40 hours per week but were not paid overtime compensation. The Court will deny defendant's motion to dismiss the FLSA claim.

### State Statutory Claims

The defendant argues that a private right of action does not exist under §§ 608.018 and 608.040(1). The Court disagrees.

In *Baldonado v. Wynn Las Vegas, LLC,* 124 Nev. 951, 194 P.3d 96 (2008), the Nevada Supreme Court concluded that the plaintiffs did not have a private cause of action to enforce §§ 608.100, 608.120, and 608.160. In so doing, the Nevada Supreme Court contrasted these statutes with §§ 608.140 and 608.150. While §§ 608.140 and 608.150 were "otherwise enforceable by the Labor Commissioner," each "expressly recognize[d] a

4

civil enforcement action to recoup unpaid wages." *Id.,* at 105, fn.3.  Section 608.140 states:

> Whenever a mechanic, artisan, miner, laborer, servant or employee shall have cause to bring suit for wages earned and due according to the terms of his or her employment, and shall establish by decision of the court or verdict of the jury that the amount for which he or she has brought suit is justly due, and that a demand has been made, in writing, at least 5 days before suit was brought, for a sum not to exceed the amount so found due, the court before which the case shall be tried shall allow to the plaintiff a reasonable attorney fee, in addition to the amount found due for wages and penalties, to be taxed as costs of suit.

As this Court has previously noted, §608.140 "specifically creates a cause of action for wages earned and unpaid and penalties and a reasonable attorney's fee." *Nunez v. Sahara Nevada Corp.*, 677 F.Supp. 1471, 1475 n.7 (D.Nev. 1988).

Section 608.018 imposes a duty on employers to pay 1 1/2 times an employee's regular wage rate whenever an employee works more than 40 hours in any scheduled week of work.  While the provisions of §608.018 do not apply to numerous categories of employees (and thus cannot be enforced by either private action <u>or</u> by the Labor Commissioner on behalf of these excluded employees), nothing in the language of §608.018 suggests that the overtime compensation that an employer must pay to covered employees is other than a wage.  Accordingly, as employees can maintain a private cause of action for unpaid wages pursuant to §608.140, employees covered by §608.018 can bring a private cause of action for the unpaid overtime wages owed pursuant to §608.018.

Employees may also bring a private cause of action to enforce §608.040.  Section 608.140 recognizes that under appropriate circumstances a plaintiff can recover attorney's fees "in addition to the amount found due for wages and penalties."  Accordingly, as an employee can recover amounts owed for wages earned and due and for penalties under §608.140, and as §608.040 imposes a penalty for failure to timely pay wages, an employee can enforce §608.040 by private action.

The defendant urges this Court to follow an unpublished decision of this Court, *Lucas v. Bell Trans*, 2008 WL 242557 (D.Nev. 2009) and an unpublished decision of a Nevada trial court in *Csomos v. Venetian Casino Resort*, No. A5811356. Initially, the Court would note that the defendant has failed to attach a copy of either unpublished decision to its motion. While the Court has access to the prior unpublished decision of this Court, the defendant's failure to attach a copy of the *Csomos* decision precludes this Court from giving any consideration to that decision.

Nevertheless, the Court finds that defendant's reliance on *Lucas* is misplaced. Without dispute, the court stated, in *Lucas*, that "[t]he private right of action for unpaid wages, however, does not extend to minimum wage and overtime claims.[1] Unearned wages is [sic] different from unpaid minium [sic] wages or overtime compensation." *Lucas,* at *5. The context of this statement, however, was in regard to a dispute brought by drivers of limousines, a category of employees expressly excluded from coverage pursuant to §608.018. Further, the focus of the court's reasoning was whether this exclusion survived an 2004 Amendment to the Nevada Constitution regarding minimum wages. Thus, unearned wages are different from unpaid minimum wages, as not all employees are entitled to be paid minimum wages. Having determined that the exclusion for limousine drivers survived the Amendment, the court did not address and did not need to address whether covered employees could maintain a private cause of action under §608.018.

Further, to the extent that the defendants cite language from the state trial court's decision in *Csomos*, such language suggests either (a) that the decision conflicts with the

---

[1] The defendant's misleading quote of this language at Page 13, line 2 of their brief is not well taken, which fails to include context material to the meaning of the court's statement, is not well taken. The court in *Lucas* did <u>not</u> hold that "unpaid wages . . . does not extend to minimum wage and overtime claims." Rather, the court stated that "*[t]he private right of action* for unpaid wages . . . does not extend to minimum wage and overtime claims." The court's statement was directed to a private right of action. The court gave no consideration or discussion whether an overtime claim or minimum wage constituted unpaid wages.

6

Nevada Supreme Court's recognition, in footnote 3 of *Baldonado,* that employees can maintain a private cause of action to recover wages and penalties pursuant to §608.140,[2] or, if it does not so conflict, then (b) while an employee cannot bring a claim pursuant to §608.018, employees can bring a claim pursuant to §608.140 to recover wages due and owing pursuant to §608.018.

Regardless of whether, in their second claim for relief, the plaintiffs can directly enforce §608.018, or whether they must instead enforce §608.140 for wages owing pursuant to §608.018, the plaintiffs can proceed with their state law claim for unpaid overtime wages. Accordingly, the Court will deny the defendant's motion to dismiss plaintiffs' second and third claims for relief.

<u>Unjust Enrichment and Promissory Estoppel</u>

The defendant's argument that the plaintiffs have failed to allege sufficient facts to state claims for unjust enrichment and promissory estoppel borders on the frivolous. The plaintiffs' allegation that Champion Drywall gave them paychecks that partially compensated them for work performed and an IOU for the remainder (which IOU has not been paid) sufficiently alleges that Champion Drywall did not pay them fully for the work the employees performed. The defendant's suggestion that it is "entirely likely" that the allegations regarding the IOUs represent an incentive payment that was not yet determined is without any basis or merit. Accordingly, the Court will deny the defendant's motion to dismiss plaintiffs' fourth and fifth claims for relief.

Accordingly, for good cause shown,

THE COURT **ORDERS** that Defendants' Motion to Dismiss (#32) is GRANTED in part and DENIED in part as follows: Plaintiffs' First Claim for Relief is DISMISSED against

---

[2] While the *Csomos* court purported to follow the reasoning of *Baldonado* to conclude that was no indication from the legislative scheme of a private cause of action to enforce §608.018, the Supreme Court in *Baldonado* itself, recognized, that the legislative scheme expressly included a private cause of action to recoup unpaid wages.

the individual defendants–Paul DiGuiseppi, Denise DiGuiseppi, Ron Ruby, and Ed Golchuk–without prejudice; Defendants' Motion is denied as to all other claims.

DATED this \_\_18\_\_ day of March, 2011.

_____
Lloyd D. George
United States District Judge