# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MAXIMINO BUENAVENTURA, ALEJANDRO DOMINGUEZ LOPEZ, MARCELO HERNANDEZ AND ELOY PUMARINO, INDIVIDUALLY AND ON BEHALF OF OTHER PERSONS SIMILARLY SITUATED,

    Plaintiff,

v.

CHAMPION DRYWALL, INC. OF NEVADA, PAUL DIGUISEPPI, DENISE DIGUISEPPI, RON RUBY, ED GOLCHUK, TCR NEVADA CONSTRUCTION LIMITED PARTNERSHIP, WARMINGTON HOMES NEVADA, VANGUARD CONSTRUCTION, LLC, AND KB HOME NEVADA INC.

    Defendants.

Case No. 2:10-CV-00377-LDG-RJJ

**ORDER ON CLERK'S ACTION PURSUANT TO FRCP 54(d)(1) AND ALTERNATIVE MOTION FOR FINAL JUDGMENT**

    Defendants TCR Nevada Construction Limited Partnership, KB Homes Nevada, Inc., and Warmington Homes Nevada ("General Contractors") filed a Reply In Support of Bill of Costs (#115), or in the Alternative Motion for Final Judgement (#116). The Court will uphold the Clerk of the Court's decision (#114) denying the General Contractors's Bill of Costs and will deny the Motion for Final Judgment pursuant to Federal Rules of Civil Procedure 54(b).

Bill of Costs

Pursuant to Federal Rules of Civil Procedure 54(d)(1) the Court may allow costs, other than attorney's fees, to the prevailing party. Furthermore, "the taxing of costs rests in the sound judicial discretion of the trial court." *Rosenfield v. Kay Jewelry Stores, Inc.,* 400 F.2d 89, 90 (10th Cir.1968) (citation omitted). A review of the docket establishes that the Court has not entered a final judgment in this matter, an essential element to the Clerk being able to tax costs under Local Rule 54-1(a). Accordingly, the Court will deny the General Contractors' request to review the Clerk of the Court's determination denying their Bill of Costs.

Motion for Final Judgment

In the alternative, the General Contractors move for a final judgment with respect to the claims against them and with respect to this Court's earlier granting of the General Contractors' previous Motion for Summary Judgment (Dkt.110). This alternative motion was filed pursuant to Fed. R. Civ. P. 54(b), which grants that "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties . . ." A district court has discretion when deciding whether to enter judgment under Rule 54(b). See *Curtiss–Wright Corp. v. Gen. Elec. Co.,* 446 U.S. 1, 8, 100 S.Ct. 1460, 64 L.Ed.2d 1, (1980). A district court must first determine that there "is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.' " *Id.* at 7 (quoting *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 436, 76 S.Ct. 895, 100 L.Ed. 1297 (1956)).

Next, "the district court must go on to determine whether there is any just reason for delay." *Id.* at 8. In making this determination, a district court should "consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no

appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtis-Wright,* 446 U.S. at 8. Such factors are important in order to "assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.' " *Id.* (quoting *Mackey,* 351 U.S. at 438).

Nevertheless, in the 1961 Amendment Advisory Committee notes to Rule 54, the rule is held to be largely inapplicable to judgments absolving some but not all parties where the claims are either the same or interrelated. In fact, the 9th Circuit, prior to this Amendment, ruled that where some of the defendants are dismissed, but the claim against them is the same as the claim against all other defendants, then no final judgment can be entered with respect to those dismissed defendants. See *Steiner v. 20th Century-Fox Film Corp.,* 220 F.2d 105, 107 (9th Cir.1955). The ruling in *Steiner* reflects the historic rule of federal courts against piecemeal disposal of litigation, thus permitting appeals only from final judgments except where covered by statute. See Fed. R. Civ. P. 54 (1946 Amendment, Note 1).

Thus, "[i]t is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised 'in the interest of sound judicial administration.' " *Wood v. GCC Bend, LLC,* 442 F.3d 873 (9th Cir. 2005); see also *Curtis-Wright,* 446 US at 8, 100 S.Ct.1460 (quoting *Mackey,* 351 U.S. at 437, 76 S.Ct. 895).

Since the claims against the General Contractors arise from the same core set of operative facts as those brought against the other defendants, the Court is concerned that if it were to grant the Motion for Final Judgment, a "piecemeal appeals" process would ensue, forcing the Court of Appeals to hear, potentially, multiple cases based on the same set of facts. Given the historical presumption against such events, and in light of the relative low cost to the General Contractors to stay involved in this case, this Court is not persuaded by the Motion for Final Judgment. This Court's determination to not exercise its

3

1 discretion and enter final judgment as to the General Contractors is bolstered by the ruling
2 in *Steiner* and the 1961 Amendment Advisory Committee notes to Rule 54.

Accordingly,

THE COURT **ORDERS** that TCR Nevada Construction Limited Partnership, KB Homes Nevada, Inc., and Warmington Homes Nevada's Request (#115) that the Court review the Clerk of the Court's denial (#110) of their Bill of Costs is DENIED.

THE COURT FURTHER **ORDERS** that TCR Nevada Construction Limited Partnership, KB Homes Nevada, Inc., and Warmington Homes Nevada's Motion, in the Alternative, for Final Judgment (#116) is DENIED.

DATED this ___10___ day of August, 2012.

_____
Lloyd D. George
United States District Judge